1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE V. KNIGHT,                         No.  2:19-cv-1633 KJM KJN P

12                 Petitioner,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   MARION E. SPEARMAN,

15                 Respondent.

16

17   I.  Introduction

18        Petitioner is a state prisoner, proceeding without counsel.  Respondent moves to dismiss

19   the petition on several grounds:  (1) claim three is unexhausted; (2) petitioner's first and second

20   claims alleging he is entitled to a youth offender parole hearing do not establish a basis for federal

21   habeas relief; (3) such claims are barred by the one-year statute of limitations; and (4) the instant

22   petition is moot because on October 9, 2019, petitioner waived the right to have his parole

23   hearing.  Petitioner filed an opposition, and respondent filed a reply.  As set forth below, the

24   undersigned recommends that the motion to dismiss be granted on the first and second grounds.

25   II.  Legal Standards

26        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

27   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

28   petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

1  Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

2  Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

3  (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority

4  under Rule 4.

5  III.  Background

6       Petitioner was convicted in 1979 in the San Diego County Superior Court for first degree

7  murder and robbery, with a gun enhancement.  (ECF No. 1 at 54.)  Petitioner was sentenced to 25

8  years to life plus a twelve-year aggregate term, to be served first.  (ECF No. 1 at 5.)  Petitioner

9  committed his offense when he was 18 years old.  (ECF No. 1 at 5.)

10       In his state court habeas petition filed in the California Supreme Court on March 28, 2019,

11  petitioner alleged that he was deprived of a youth offender parole hearing under California Senate

12  Bill 261[1] and California Penal Code §§ 3051 and 4801(c) in violation of his due process and

13  equal protection rights under both the California and U.S. Constitutions.[2]  (ECF No. 13 at 47.)

14  The petition was denied without comment on July 10, 2019.  Knight (Clarence Vinson) on H.C.,

15  No. S254975 (Cal.).[3]

16  IV.  Petitioner's Claims

17       In the instant petition, petitioner raises three claims:  (1) petitioner was deprived of a

18  youth offender parole hearing he was entitled to under California Senate Bill 261; (2) the failure

---

[1]  Taken together, California Senate Bill 260, effective at the start of 2015, and California Senate Bill 261, effective at the start of 2016, created and expanded a special parole process for persons who committed their crimes when they were younger than 18 or who were 18 to 22 at the time of their crimes and who already have served specified terms of 15, 20, or 25 years.  Such persons will receive Youth Offender Parole Hearings to be considered for release on parole.

[2]  On January 1, 2016, both sections 3051 and 4081 were amended to apply to prisoners who committed their controlling offense when they were under 23 years of age.  (ECF No. 13 at 68.) Subsequently, the applicable age was raised to 25 years or younger.  (ECF No. 13 at 68 n.1.)

[3]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

to provide plaintiff with a timely youth offender parole hearing violated petitioner's due process rights; and (3) petitioner's term of imprisonment expired when his California Penal Code § 2931 credits elapsed on March 16, 2011, yet the Board did not conduct petitioner's parole hearing until January 9, 2015, violating his due process rights under the Fifth and Fourteenth Amendments. (ECF No. 1 at 5, 11-14, 15-18.)

## V. Is the Third Claim Exhausted?

Petitioner alleges that his "term of imprisonment expired when his Penal code § 2931 credits elapsed on March 16, 2011. (See Attachment #1.)" (ECF No. 1 at 17, 53-54.) "The Board failed to uphold [petitioner's] rights by conducting the January 9, 2015 Board hearing beyond the expiration of [petitioner's] term of imprisonment of 25 years to life." (ECF No. 1 at 16.) As a result, petitioner claims his substantive due process rights under the Fifth and Fourteen Amendments were violated, and he should be released. (ECF No. 1 at 15-116.) Petitioner also discusses the failure of the Board to provide him with a timely youth offender hearing, but the gravamen of petitioner's third claim is that he is entitled to federal habeas relief because the Board violated his constitutional rights to due process by failing to release him at the expiration of his prison term, as reduced by credit allegedly earned under California Penal Code section 2931.[4]

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[5] Thus, a waiver of exhaustion may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

---

[4] Section 2931 governs the reduction of state prison terms for good behavior and participation, and states, in pertinent part: "(a) In any case in which a prisoner was sentenced to the state prison pursuant to [California Penal Code] Section 1170 [governing the imposition of determinate sentences], or if he committed a felony before July 1, 1977, and he would have been sentenced under [California Penal Code] Section 1170 if the felony had been committed after July 1, 1977, the Department of Corrections shall have the authority to reduce the term prescribed under such section by one-third for good behavior and participation consistent with [California Penal Code Section 1170.2(d) ]. . . ." Cal. Penal Code section 2931(a).

[5] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1   highest state court with a full and fair opportunity to consider all claims before presenting them to

2   the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

3   1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

4          The state court has had an opportunity to rule on the merits when the petitioner has fairly

5   presented the claim to that court.  The fair presentation requirement is met where the petitioner

6   has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at

7   277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were

8   before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v.

9   Harless, 459 U.S. 4, 6 (1982).  Instead,

10             [i]f state courts are to be given the opportunity to correct alleged
              violations of prisoners' federal rights, they must surely be alerted to
11            the fact that the prisoners are asserting claims under the United States
              Constitution.   If a habeas petitioner wishes to claim that an
12            evidentiary ruling at a state court trial denied him the due process of
              law guaranteed by the Fourteenth Amendment, he must say so, not
13            only in federal court, but in state court.

14   Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus

15   must include reference to a specific federal constitutional guarantee, as well as a statement of the

16   facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

17          As argued by respondent, petitioner did not raise this claim in his California Supreme

18   Court petition.  Although petitioner argues that his third claim "derives from" his first and second

19   claims, petitioner did not fairly present his substantive due process claim to the California

20   Supreme Court as he did not include either the underlying facts or the specific federal

21   constitutional guarantee underlying his third claim.  Therefore, the court finds that petitioner has

22   failed to exhaust state court remedies as to petitioner's third claim, and it must be dismissed.

23          In his opposition, petitioner contends that he has a liberty interest in parole.  (ECF No. 14

24   at 4-5.)  However, in 2011, the United States Supreme Court overruled a line of Ninth Circuit

25   precedent that had supported habeas review in California cases involving denials of parole by the

26   Board or the governor.  See Swarthout v. Cooke, 562 U.S. 216, 220-21 (2011).  The Supreme

27   Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for

28   state parole decisions.  Because habeas relief is not available for errors of state law, and because

4

1  the Due Process Clause does not require correct application of California's "some evidence"

2  standard for denial of parole, federal courts may not intervene in parole decisions as long as

3  minimum procedural protections are provided.  <u>Swarthout</u>, 562 U.S. at 220-21.  The inquiry is

4  limited to whether the prisoner was given the opportunity to be heard and received a statement of

5  reasons why parole was denied.  <u>Id.</u> at 221; <u>Greenholtz v. Inmates of Nebraska Penal and</u>

6  <u>Correctional Complex</u>, 442 U.S. 1, 16 (1979).

7  VI.  <u>Is Habeas Jurisdiction Lacking?</u>

8          Petitioner contends that he was deprived of a youth offender parole hearing under

9  California Senate Bill 261, enacted in 2015.  In 2013, the California Legislature passed Senate

10  Bill 260 in response to <u>Miller v. Alabama</u>, 567 U.S. 460, 479 (2012).  In <u>Miller</u>, the Supreme

11  Court held unconstitutional a mandatory sentence of life without the possibility of parole for a

12  homicide committed when the defendant had been fourteen years old.  <u>Id.</u>  Senate Bill 260

13  enacted, <u>inter alia</u>, California Penal Code section 3501.  Section 3501 provides that any individual

14  serving a sentence imposed for a crime committed when the individual was under the age of

15  eighteen may obtain a juvenile offender parole hearing.  Senate Bill 260 also amended California

16  Penal Code section 4801.  Section 4801 now provides that, in considering the parole eligibility of

17  such an individual, the Board of Parole Hearings should "give great weight to the diminished

18  culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent

19  growth and increased maturity of the prisoner in accordance with relevant case law."  <u>See</u> Cal.

20  Penal Code § 4801(c) (eff. Jan. 1, 2014 to Dec. 31, 2015).  In 2015, the California Legislature

21  enacted Senate Bill 261, which extended the juvenile offender provisions of section 4801(c) to

22  individuals (such as petitioner) who were under the age of twenty-three at the time of the

23  commitment offense.  <u>See</u> Cal. Stats. 2015, c. 471 (S.B. 261, § 2, eff. Jan. 1, 2016).[6]

24          However, petitioner's contention that he was denied a juvenile offender parole hearing

25  under Senate Bill 261 alleges only a violation of state law, for which federal habeas relief is

26

27  [6]  In 2017, the California Legislature amended California Penal Code section 4801(c) to extend
    the same provisions to individuals who were as old as twenty-five at the time of the commitment
28  offense.  <u>See</u> Cal. Stats. 2017, c. 675 (A.B. 1308, § 2, eff. Jan. 1, 2018).

1  unavailable.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable

2  for alleged state law violations); Young v. Pfeiffer, 2017 WL 8021753, at *4 n.6 (C.D. Cal. Dec.

3  29, 2017), adopted, 2018 WL 1135452 (C.D. Cal. Feb. 26, 2018) (claim that Board failed to

4  afford petitioner a youth offender parole hearing raises only an alleged violation of state law, not

5  cognizable on federal habeas review); see also Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per

6  curiam) ("it is only noncompliance with federal law that renders a State's criminal judgment

7  susceptible to collateral attack in the federal courts"); Hendricks v. Vasquez, 974 F.2d 1099, 1105

8  (9th Cir. 1992) ("Federal habeas will not lie for errors of state law").

9        Moreover, as argued by respondent, petitioner has not demonstrated how having a

10  juvenile offender parole hearing would guarantee petitioner's immediate or speedier release, as

11  the youth factors are just one of numerous factors the Board considers in determining suitability

12  for release.  Because any relief would not necessarily result in petitioner's immediate or

13  accelerated release from prison, any alleged claim regarding his entitlement to have a juvenile

14  offender hearing or create a record of his youth factors is not cognizable on federal habeas.  See

15  Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (holding Nettles' claim was non-

16  cognizable because success "would not necessarily lead to [petitioner's] immediate or earlier

17  release from confinement") (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)).

18        Accordingly, this court lacks jurisdiction over petitioner's first and second claims, as well

19  as any portion of petitioner's third claim in which he attempted to challenge the failure to provide

20  petitioner with a timely juvenile offender hearing.

21  VII.  Remaining Grounds for Dismissal

22        In light of the above findings, the undersigned need not reach respondent's remaining

23  grounds for dismissal.

24  VIII.  Conclusion

25        Accordingly, IT IS HEREBY RECOMMENDED that:

26        1.  Respondent's motion to dismiss (ECF No. 13) be granted; and

27        2.  This action be dismissed.

28  ////

6

1        These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

3   after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

6   he shall also address whether a certificate of appealability should issue and, if so, why and as to

7   which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

8   applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

9   § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

10  service of the objections.  The parties are advised that failure to file objections within the

11  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

12  F.2d 1153 (9th Cir. 1991).

13  Dated:  July 13, 2020

14

15                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
16

17  /knig1633.mtd.hc

18

19

20

21

22

23

24

25

26

27

28