UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE V. KNIGHT, | No. 2:19-cv-1633 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| MARION E. SPEARMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 14, 2020, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  F&Rs, ECF No. 16.  Petitioner filed objections to the findings and recommendations.  Respondent did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case, including a careful review of Petitioner's objections to the Magistrate Judge's findings and recommendations.  This court agrees with the Magistrate Judge's conclusion that Petitioner did not exhaust his third claim in state court before filing his federal habeas petition.  *See* F&Rs at 3–5, ECF No. 16.  The petition was therefore

1

"mixed," i.e., "a single petition that includes both exhausted and unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

Mixed petitions may be dismissed without prejudice to allow the petitioner to "return to state court to present the unexhausted claims to that court in the first instance." *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)).  Alternatively, the court may enter a stay and hold the federal petition in abeyance while a petitioner exhausts the unexhausted claim in state court—provided, however, that the petitioner "had a good cause" for his failure to exhaust and that the unexhausted claim is not "plainly meritless." *Id.* at 277.  An unexhausted claim may also be dismissed on its merits.  *See id.* (citing 28 U.S.C. § 2254(b)(2)).

Here, Petitioner argues that the Magistrate Judge should not have dismissed his third claim, but should instead have entered a stay and held the federal action in abeyance to permit him to return to state court to exhaust that claim.  *See* Obj. at 2, ECF No. 17.  In its original motion, respondent also argued that the third claim should be dismissed on its merits, and the Magistrate Judge did not reach all of these arguments.  *See* Mot., ECF No. 13 at 3, 4-5; F&Rs at 6.  It is also unclear whether the Magistrate Judge recommends dismissing the unexhausted claim on its merits.  *See* F&Rs at 4–5 (addressing Petition's arguments in opposition to the motion to dismiss).

This matter is thus referred back to the Magistrate Judge to address the appropriate disposition in the first instance.

IT IS SO ORDERED.

DATED: November 3, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE